IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ADRIAN TRUCKING, INC., ) | |
| ) | No. 20-cv-00099 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | DEFENDANTS' BRIEF IN SUPPORT |
| ) | OF MOTION TO DISMISS |
| NAVISTAR, INC., and CENTRE ) | |
| STATE INTERNATIONAL TRUCKS, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendants Navistar, Inc. ("Navistar") and Centre State International Trucks, Inc. ("Centre State") (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 9(b) and 12(c) and Local Rule 7(d), submit this Brief in support of their Motion to Dismiss Adrian Trucking, Inc.'s ("Plaintiff") Complaint.

TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND.................................................................2
II. PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(c) FOR FAILURE TO STATE A CLAIM.................................................................3
    A. Rule 12(b)(6) And 12(c).................................................................3
    B. Plaintiff's Complaint Fails To State A Claim Under Rule 8(A).................................................................3
    C. Plaintiff's Fraud Claims Fail To Meet 9(b)'s Heightened Pleading Standard.................................................................4
        1. What were the representations and why were they false?.................................................................5
        2. Who made the representations?.................................................................5
        3. When were the representations made?.................................................................7
        4. Where were the misrepresentations made?.................................................................7
        5. How were the representations made?.................................................................7
        6. Plaintiff's fraudulent concealment/fraud by nondisclosure similarly fails.................................................................8
        7. Plaintiff's constructive fraud allegations fail to state a claim.................................................................9

    D. Plaintiff's Negligent Misrepresentation Allegations Fail To State A Claim Under Rule 8(a) ......................................................................................................................... 9

    E. Plaintiff's Express Warranty Allegations Fail To State A Claim Under Rule 8(a). ........ 11

    F. Plaintiff's Express And Implied Warranty Claims Fail To State A Claim Against Navistar For Lack Of Privity ........................................................................................ 12

III.   CONCLUSION ................................................................................................................ 13

## I.

## INTRODUCTION AND BACKGROUND

Plaintiff's complaint brings various claims related to the quality, characteristics, and performance of eleven Navistar International ProStar trucks allegedly purchased by Plaintiff between December 2012 and January 2013 from Centre State. Plaintiff alleges the trucks were "defective" and asserts claims for breach of express warranty, breach of implied warranty, breach of contract, various theories of fraud and fraud by nondisclosure, and constructive fraud or negligent misrepresentation.

Plaintiff, along with five other unrelated plaintiffs, filed this suit in the Iowa District Court for Linn County, Iowa on December 17, 2015. The Iowa state court severed the claims brought by the five plaintiffs on November 21, 2016 and Defendants promptly removed Plaintiff's suit on December 15, 2016. (Docs. 2 and 2-2). Subsequently, the Northern District of Illinois entered a conditional transfer order for inclusion of the case in a pending multidistrict litigation (MDL) on February 24, 2017. (Doc. 10). The case remained in the MDL for over three years—with virtually no activity. The MDL court ordered pleadings reopened for amendment with Plaintiff's amended pleadings due September 10, 2020 and responses to be filed by October 9, 2020. *See In re Navistar MaxxForce Engines Marketing, Sales Practices and Products Liability Litigation*, No. 1:14-cv-10318 (Doc. 867) (N.D. Ill. Aug. 10, 2020). Plaintiff did not amend its complaint. The case has now been remanded back to this Court.

## II.
## PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(c) FOR FAILURE TO STATE A CLAIM

Plaintiff's claims should be dismissed pursuant to Rule 12(c) because Plaintiff fails to properly state its claims under Rules 8(a) and 9(b) and/or the claims are otherwise barred as a matter of law.

A. Rule 12(b)(6) and 12(c)

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the standard that governs Rule 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Thus, a Rule 12(c) motion for judgment on the pleadings should be granted if the claimant fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b). A complaint cannot survive a motion to dismiss without some factual context sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955 (2007)). And the Court is not required to accept as true conclusory allegations without supporting facts. A "complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Likewise, a complaint that "offers only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

B. Plaintiff's Complaint Fails to State a Claim Under Rule 8(a)

Plaintiff has not amended its complaint since it filed suit in Iowa state court in December 2015. As a result, the current live complaint lists six plaintiffs and four defendants. After the state court's severance, however, only one plaintiff and two defendants remain in the present suit.

Plaintiff's complaint fails to allege what conduct was attributable to Navistar or Centre State and what conduct was attributable to the defendants that are no longer a part of this suit. Instead, throughout the complaint, all four defendants are often lumped together generically as "Defendants"[1] and all six plaintiffs are lumped together as "Plaintiffs."[2] As such, Plaintiff's complaint fails to give Defendants Navistar and Centre State notice of which claims are being asserted against them by this Plaintiff and thus fail to state a claim under Rule 8(a).

C. Plaintiff's Fraud Claims Fail to Meet 9(b)'s Heightened Pleading Standard

Rule 9(b) of the Federal Rules of Civil Procedure requires a heightened pleading standard for fraud claims. *OmegaGenesis Corp. v. Mayo Foundation for Medical Education and Research*, 851 F.3d 800, 804 (8th Cir. 2017). When alleging fraud, Rule 9(b) requires the party to "state with particularity the circumstances constituting the fraud . . ." FED. R. CIV. P. 9(b). "Rule 9(b) requires that a fraud claim 'specify the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts." *Id.* (quoting *Streambend Props. II v. Ivy Tower Mpls., LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)). A plaintiff is required to allege the "who, what, where, when, and how of the alleged fraud." *Id.*

Plaintiff's complaint contains a litany of alleged fraudulent "representations,"[3] but fails to allege how each of the representations was false, when the alleged representations were made, where each of these alleged representations were made, the identity of any individual who made the representations, which of Plaintiff's employees received the alleged representations, or which

---

[1] *See, e.g.,* Compl. at ¶¶ 21—23, 27, 28, 46, 50—54, 58, 67, 71, 72, 77, 79, 80, 82, 84—93, 98, 99, 102, 103, 105—108, 119, 121, 123, 137, 138—140, 142, 143

[2] *See, e.g.,* Compl. at ¶¶ 34—36, 38, 39, 45—47, 50—52, 54—56, 58, 60—67, 72, 74—77, 79, 80, 81, 82, 84—93, 95—101, 103—113, 115, 118—119, 121—127, 129—133, 136—144.

[3] *See* Compl. at ¶ 113.

of alleged representations Plaintiff relied upon in its purchases of the trucks at issue.[4] As such, dismissal is appropriate.

1. What were the representations and why were they false?

Plaintiff alleges a list of eleven boilerplate representations.[5] But Plaintiff fails to plead why (or how) each of the alleged representations were false. *See, e.g., Mitec Partners, LLC v. U.S. Bank Nat. Ass'n*, 605 F.3d 617, 622 (8th Cir. 2010) (explaining Rule 9(b) requires plaintiff to allege "what the representations were," and "why they were false"); *cf Wright v. Brooke Grp. Ltd.*, No. C99-3090MWB, 2001 WL 34008490, at *3 (N.D. Iowa Mar. 9, 2001) (finding complaint sufficient where "plaintiffs proceed to set forth specific facts supporting why these representations were allegedly false."). Instead, Plaintiff merely pleads "[u]pon information and belief, Defendant Navistar knew that the Misrepresentations were false when they made."[6] Plaintiff's conclusory statement that the eleven representations were false does not meet Rule 9(b)'s standard and their fraud claim should be dismissed.

2. Who made the representations?

Plaintiff also does not specifically plead "who" made each of the alleged representations. Plaintiff alleges "[u]pon information and belief, Plaintiffs assert that Defendant Navistar made the above representations either directly or through Thompson, Husky, and Centre."[7] Elsewhere, Plaintiff alleges "Navistar's agents, including but not limited to its management and dealer sales

---

[4] *See generally*, Compl.

[5] *See* Compl. at ¶ 113.

[6] Compl. at ¶ 114.

[7] Compl. at ¶ 56.

representative and Defendants Thompson, Husky, and Centre provided Plaintiffs with false information"[8] Plaintiff also alleges "[t]hese Misrepresentations were also made directly by Navistar in advertising materials . . . and in public statements."[9] Plaintiff also alleges "Defendants Thompson, Husky and Centre did, in fact, make the Misrepresentations."[10]

But Plaintiff never states which entity made any specific representation, much less identify the specific employee or representative from any such entity that made the alleged representations and to whom. These vague and contradictory allegations fail to describe—much less describe with particularity—who made each of the alleged representations giving rise to Plaintiff's fraud claim. This is particularly confusing because many of the plaintiffs and defendants named in the complaint are no longer part of this lawsuit. *See, e.g., Bank of Montreal v. Avalon Capital Grp., Inc.*, 743 F.Supp.2d 1021, 1028 (D. Minn. 2010) (dismissing fraud claim and explaining "[w]hen a complaint accuses multiple defendants of participating in the scheme to defraud, the plaintiff must take care to identify which of them was responsible for the individual acts of fraud.").

Rule 9(b) requires a plaintiff alleging fraud to identify the person making each alleged representation. *See, e.g., Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014) (finding complaint failed to meet Rule 9(b)'s standard because it did not "identify the Wells Fargo representatives who engaged in the alleged misrepresentations."). Plaintiff fails to do so. It is also unclear whether Plaintiff or one of the former plaintiffs received each representation. This is insufficient under Rule 9(b). *See Bank of Montreal v. Avalon Capital Grp., Inc.*, 743 F.Supp.2d 1021, 1028 (D. Minn. 2010) (dismissing fraud claims because "the speakers and recipients of the alleged

---

[8] *See* Compl. at ¶ 104.

[9] Compl. at ¶ 116.

[10] *See* Compl. at ¶ 117.

misrepresentations are not pled with with specificity."). Accordingly, the Court should dismiss Plaintiff's fraud claim.

### 3. When were the representations made?

Plaintiff also does not specifically plead "when" the alleged representations were made. Rather, Plaintiff alleges the representations occurred at some point between "September 2011 – September 2012"[11]—a yearlong time period for Defendants to guess when the alleged representations occurred. This is insufficient under Rule 9(b). *See Brown v. North Cent. F.S., Inc.*, 173 F.R.D. 658, 668 (N.D. Iowa 1997) (finding complaints alleging representations were "made 'in the Spring of' a certain year or a similar broadly identified time frame. . . do not provide the specificity required by Rule 9(b)." Thus, the Court should dismiss Plaintiff's fraud claims because Plaintiff fails to allege when the representations occurred with particularity.

### 4. Where were the misrepresentations made?

Plaintiff's complaint also fails to identify "where" the alleged representations were made with particularity. *See, e.g., Lincoln Sav. Bank v. Open Solutions, Inc.*, 956 F.Supp. 1032, 1044 (N.D. Iowa 2013) (dismissing fraud claim and explaining "[t]he location of the alleged misrepresentation is one of the 'circumstances constituting fraud' that a party must specifically allege in order to satisfy Rule 9(b)."). As such, Plaintiff's fraud allegations fail to state a claim under Rule 9(b) and must be dismissed.

### 5. How were the representations made?

Regarding "how" the representations were made, Plaintiff's complaint is also deficient. For each specific representation, Plaintiff does not state whether the representation was made orally, in emails, or in other documents. And while Plaintiff vaguely alleges that some representations

---

[11] Compl. at ¶ 111.

(one can only guess which) were made in "trade publications, marketing materials, and internet articles,"[12] Plaintiff fails to identify the trade publications, marketing materials, or internet articles at issue, or which alleged representations were contained in such materials. Rule 9(b) requires Plaintiff to identify the documents or advertisements containing the representations. *See, e.g., Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982) (dismissing claim based on information contained in a "pamphlet" or "promotional material" because the allegations failed to satisfy Rule 9(b)); *Superior Edge, Inc. v. Monsanto Co.*, No. 12-2672, 2013 WL 6405362, at * 4 (D. Minn. Dec. 6, 2013) (dismissing claim alleging representations were made in "written materials" and "published statements" as insufficient to satisfy 9(b)).

      6. Plaintiff's fraudulent concealment/fraud by nondisclosure similarly fails.

      Plaintiff also alleges fraudulent concealment and fraud by nondisclosure, but similarly fails to plead these claims with particularity.[13] Plaintiff fails to identify a basis for a duty for either Navistar or Centre State to disclose information, what information either Defendant should have disclosed, and the individuals allegedly responsible for not disclosing.

      Like with affirmative fraud claims, a claim for fraudulent nondisclosure or concealment must meet the standards of Rule 9(b). Thus, Plaintiff should identify the "time, place, and identity of the person allegedly committing the fraud." *Wright v. Brooke Grp., Ltd.*, 114 F.Supp.2d 797, 835 (N.D. Iowa 2000). The complaint should also allege a duty of disclosure and the basis of that duty. *See Schaller Telephone Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). To satisfy Rule 9(b), the complaint should also allege what material facts the defendant should have disclosed. *Id.* Because Plaintiff's complaint does not identify whether Navistar or Centre State had a duty and

---

[12] Compl. at ¶ 110.
[13] Compl. at ¶¶ 108-123.

the basis of that duty, what information either Defendant failed to disclose, the identity of the person who allegedly committed the fraud, or the time and place of the alleged nondisclosure or concealment, the complaint fails to satisfy Rule 9(b) and must be dismissed.

7. Plaintiff's constructive fraud allegations fail to state a claim

Plaintiff alleges it has a claim for "Constructive Fraud/Negligent Misrepresentation" but makes no allegations that would support a claim for constructive fraud. In Iowa, "a constructive fraud claim arises when the result of a fiduciary's actions perpetrates a fraud on the beneficiary." *Allen v. AgReliant Genetics, LLC*, No. C15-3172-LTS, 2017 WL 1055970, at *7 (N.D. Iowa Mar. 20, 2017). "Iowa law requires a fiduciary or confidential relationship between a plaintiff and defendant in constructive fraud cases." *Rakes v. Life Inv'rs Ins. Co. of Am.*, 622 F. Supp.2d 755, 769 (N.D. Iowa 2008). Constructive fraud claims are subject to the heightened pleading requirements of Rule 9(b). *Allen*, 2017 WL 1055970, at *9. Because Plaintiff fails to plead its constructive fraud claim with particularity—including failing to allege a confidential or fiduciary relationship—this claim also fails as a matter of law.

D. Plaintiff's negligent misrepresentation allegations fail to state a claim under Rule 8(a).

Plaintiff's negligent misrepresentation[14] claims fail to meet Rule 8(a)'s notice pleading standard. As the Eighth Circuit explained:

> When the particularity requirement of Rule 9(b) does not apply to a misrepresentation or omission claim such as Count I, the Rule 8(a)(2) standard—"a short and plain statement of the claim showing that the pleader is entitled to relief"—requires some attempt to show, "What is the representation? ... Why is each representation false? Where was each representation made? Who made each representation? When was each representation made?"

---

[14] Compl. at ¶¶ 82-89.

*Streambend Properties II, LLC v. Ivy Tower Mpls., LLC*, 781 F.3d 1003, 1014 (8th Cir. 2015). Thus, despite Plaintiff's attempt to recast its fraud claims as negligent misrepresentations,[15] Plaintiff must still allege who made each representation, why each representation was false, and where and when each representation was made. *Id.* Because Plaintiff fails to allege such facts, as described above, its claim for negligent misrepresentation fails to state a claim.

Additionally, Plaintiff's negligent misrepresentation claim fails as a matter of law because the bare allegations in the complaint describe the relevant purchase as an arms-length commercial transaction.[16] In Iowa, the tort of negligent misrepresentation only applies to defendants who are "in the business of supplying information to others." *Meier v. Alfa-Laval, Inc.* 454 N.W.2d 576, 581-82 (Iowa 1990). "[T]he tort does not apply when a defendant directly provides information to a plaintiff in the course" of an arms-length transaction for the sale of goods, even when the "information harms the plaintiff in the transaction." *D & W Development, Inc. v. City of Milford*, 834 N.W.2d 870, 2013 WL 2145735, *5 (Iowa Ct. App. May 15, 2013) (Table) (citing *Sain v. Cedar Rapids Comm. Sch. Dist.,* 626 N.W.2d 115, 124 (Iowa 2001)). Thus, a negligent misrepresentation claim cannot be brought against the "seller nor the manufacturer of a product." *Barnhill v. Iowa Dist. Court for Polk Cty.*, 742 N.W.2d 605, 2007 WL 3085947, *8 (Iowa Ct. App. 2007) (Table), aff'd, 765 N.W.2d 267 (Iowa 2009) (citing *Meier v. Alfa-Laval, Inc.*, 454 N.W.2d 576, 581-82 (Iowa 1990)); *see also Molo Oil Co. v. River City Ford Truck Sales, Inc.* 578 N.W.2d, 222, 227 (Iowa 1998) (holding that a "negligent misrepresentation claim fails as a matter of law" where "it is not disputed that the sale

---

[15] Compl. at ¶¶ 124-137

[16] Compl. at ¶ 13 ("Plaintiffs are logistics companies and owners and operators of a commercial trucking fleet and are engaged in the business of hauling general freight across 48 states."); ¶ 14 ("Navistar is a Delaware corporation that manufactures Trucks and other equipment"); ¶ 17 ("Centre is an Illinois company that sells and services Navistar Trucks . . ."); ¶ 31 ("Plaintiff Adrian purchased eleven (11) International ProStar on-highway semi-trucks from Defendants Navistar and Centre.").

of the Peterbilt truck from River City to Molo was a commercial transaction conducted at arm's length.") Plaintiff's complaint undisputedly involves an arms-length commercial transaction for the sale of a product. Plaintiff's negligent misrepresentation claim fails as a matter of law and should be dismissed.

E. Plaintiff's express warranty allegations fail to state a claim under Rule 8(a).

Plaintiff's express warranty claim is based on alleged representations that the trucks were of a particular quality.[17] But Plaintiff fails to identify which alleged representations support its express warranty claim,[18] which of the alleged representations induced Plaintiff to purchase the trucks, or which representations were made by Navistar, Centre State, or one of the prior defendants.[19]

Express warranty claims are not held to the heightened pleading standard of Rule 9(b), but a plaintiff must sufficiently allege the terms of the warranty and how it was breached. *See Baker v. Fangio*, No. 4:18-cv-CV-751, 2018 WL 3363779, at *3 (E.D. Mo. July 10, 2018) (holding express warranty claim failed to satisfy Rule 8(a) because where the complaint "does not identify any statements, affirmations of fact, or promises made by it to plaintiff . . . or that any such statements induced plaintiff to purchase the lamp."); *see also Southwest Research Institute v. Pragma Systems Corp.*, No. SA–06–CA–1048–XR, 2007 WL 9710409, at *3 (W.D. Tex. Mar. 2, 2007) ("Without more specific allegations . . . regarding the specific warranty that [plaintiff] claims [defendant] made and how it was breached, it is not possible for the Court to determine whether [plaintiff] states a claim . . .").

---

[17] Compl. at ¶ 82.

[18] *See* Compl. at ¶¶ 82-89 (referring only to "above-described representations").

[19] *See generally*, Compl. at ¶¶ 82-89.

Moreover, because Plaintiff's express warranty claim is apparently based on alleged representations, under Rule 8(a), Plaintiff must plead what the representations were, how the trucks did not conform to the representations, where each representation was made, and who made the representations and when. *See Streambend Properties II, LLC v. Ivy Tower Mpls., LLC*, 781 F.3d 1003, 1014 (8th Cir. 2015) (requiring this information for representations for negligent misrepresentation claim). Here, Plaintiff's complaint fails to identify which affirmations of fact or promise support its express warranty claim, who made each representation, where each representation was made, or when. Thus, Plaintiff's express warranty claim fails to state a claim under Rule 8(a) and should be dismissed.

F.     Plaintiff's express and implied warranty claims fail to state a claim against Navistar for lack of privity.

In addition to its express warranty claims, Plaintiff generically asserts a breach of implied warranty claim against "Defendants" (it is not clear if this includes Navistar, Centre State, or other non-party dealers) seeking to recover consequential damages.[20] But Navistar cannot be liable for express or implied warranties under Iowa law because Plaintiff fails to allege Navistar was in privity of contract with Plaintiff. *See Tomka v. Hoescht Celanese Corp.*, 528 N.W.2d 103, 107-08 (Iowa 1995). As such, Plaintiff's claims for consequential economic damages against Navistar under any warranty theory should be dismissed as a matter of law.

## III.
## CONCLUSION

Plaintiff's complaint is vague and incomprehensible. And despite being provided leave to amend its complaint by the MDL court prior to remand to this Court, Plaintiff failed to do so. As

---

[20] *See* Compl. at ¶ 99, alleging damages for, among other things, loss of profits, downtime expenses and losses, diminished resale value on the trucks, out-of-pocket repair expenses, fuel expenses, towing and lodging expenses, rental car expenses and fuel, unreimbursed driver downtime, loss of revenue, and "other financial, consequential, and incidental damages. . ."

such, Plaintiff's complaint should be dismissed with prejudice. Alternatively, Plaintiff should be required to re-plead if it can allege sufficient facts to support its claims consistent with Rule 9(b) and Rule 8(a).

Respectfully submitted,

*/s/ Clayton J. Callen*
JEFFREY S. PATTERSON*
jpatterson@hartlinebarger.com
CLAYTON J. CALLEN*
ccallen@hartlinebarger.com
BRIAN SAWYER*
bsawyer@hartlinebarger.com

HARTLINE BARGER LLP
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Telecopier: (214) 369-2118

* pro hac vice motions forthcoming

By */s/ Stephanie Hinz*
TERRY J. ABERNATHY AT0000380
tabernathy@pbalawfirm.com
BRADLEY J. KASPAR AT0012308
bkaspar@pbalawfirm.com
STEPHANIE HINZ AT0003506
shinz@pbalawfirm.com

PICKENS, BARNES & ABERNATHY
1800 First Avenue NE, Suite 200
P.O. Box 74170
Cedar Rapids, IA 52407-4170
PH: (319) 366-7621
FAX: (319) 366-3158

ATTORNEYS FOR DEFENDANTS